IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

MELVIN AYALA MONTOYA
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

    Plaintiff,

v.

THUNDERBIRD AUTOMOTIVE, INC.
d/b/a THUNDERBIRD AUTOMOTIVE
7424 Westmore Road
Rockville, MD 20850
(Montgomery County)

FRED SHIYAN
a/k/a FEREIDOUN BEIGLARBEIGI
8412 Rocky Springs Road
Frederick, MD 21702
(Frederick County)

MARIA ELIZABETH BEIGLARBEIGI
a/k/a ELIZABETH BEIGLARBEIGI
8412 Rocky Springs Road
Frederick, MD 21702
(Frederick County)

    Defendants.

Civil Action No. _____

**COMPLAINT**

1.     For close to fifteen years, Plaintiff worked at Defendants' auto repair shop. But Defendants ignored their obligation to pay Plaintiff overtime wages, choosing to instead pay him a flat weekly salary.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the

Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Melvin Ayala Montoya is an adult resident of Montgomery County, Maryland.

6. Defendant Thunderbird Automotive, Inc. is a Maryland corporate entity. It does business as Thunderbird Automotive. Its principal place of business is located at 7424 Westmore Road, Rockville, MD 20850. Its resident agent for service of process is Maria Elizabeth Beiglarbeigi, 8412 Rocky Springs Road, Frederick, MD 21702.

7. Defendant Fred Shiyan is an adult resident of Maryland. He is also known as Fereidoun Beiglarbeigi. He resides at 8412 Rocky Springs Road, Frederick, MD 21702. He is an owner and officer of Defendant Thunderbird Automotive, Inc. He exercises control over the operations of Thunderbird Automotive, Inc. — including its pay practices.

8. Defendant Maria Elizabeth Beiglarbeigi is an adult resident of Maryland. She is also known as Elizabeth Beiglarbeigi. She resides at 8412 Rocky Springs Road, Frederick, MD 21702. She is an owner and officer of Defendant Thunderbird Automotive, Inc. She exercises control over the operations of Thunderbird Automotive, Inc. — including its pay practices.

9. Defendants Fred Shiyan and Maria Elizabeth Beiglarbeigi are married.

10. Defendant Thunderbird Automotive, Inc. operates an auto repair shop at 7424 Westmore Road, Rockville, MD 20850.

11. Defendants Fred Shiyan and Maria Elizabeth Beiglarbeigi own the property located at 7424 Westmore Road, Rockville, MD 20850.

**Factual Allegations**

12. Plaintiff worked at Thunderbird Automotive from approximately September 2004 through approximately December 31, 2019.

13. Plaintiff worked in Maryland.

14. Plaintiff worked at Thunderbird Automotive as a car mechanic.

15. Plaintiff's job duties at Thunderbird Automotive primarily consisted of performing maintenance, diagnostic testing, and repairs on cars.

16. In 2017 and 2018, Plaintiff typically and customarily worked 47.5 hours per week.

17. In 2019, Plaintiff typically and customarily worked 42.5 hours per week.

18. At all relevant times, Defendants paid Plaintiff a weekly salary.

19. Defendants paid Plaintiff approximately the following weekly salaries:

| Year | Weekly Salary | Effective Hourly Rate |
|---|---|---|
| 2019 | $1,300.00 | $30.59 |
| 2017 & 2018 | $1,200.00 | $26.67 |

20. At all relevant times, Defendants paid Plaintiff partly in cash and partly by check.

21. Plaintiff worked more than forty hours per workweek for Defendants.

22. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

23. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $11,000.00 in overtime wages (excluding liquidated damages).

25. Defendants Fred Shiyan and Maria Elizabeth Beiglarbeigi each participated in the decision to hire Plaintiff.

26. Defendants Fred Shiyan and Maria Elizabeth Beiglarbeigi each participated in the decisions to set Thunderbird Automotive's hours of operation.

27. Defendants Fred Shiyan and Maria Elizabeth Beiglarbeigi each participated in the decision to set Plaintiff's weekly salary.

28. Defendants Fred Shiyan and Maria Elizabeth Beiglarbeigi each have authority to sign checks drawn from Thunderbird Automotive's operating account.

29. Defendant Fred Shiyan typically and customarily supervised Plaintiff.

30. At all relevant times, Defendants had the power to hire and fire Plaintiff.

31. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

32. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

33. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

34. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

35. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

36. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

37. At all relevant times, Defendant Thunderbird Automotive, Inc. had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

38. At all relevant times, Defendant Thunderbird Automotive, Inc. had two or more employees who used or installed tools, lubricants, oils, and car parts that were produced outside of Maryland.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

39. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

40. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

41. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

42. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

43. Defendants' violations of the FLSA were willful.

44. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

45. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

46. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

47. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

48. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

49. Defendants' violations of the MWHL were willful.

50. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

51. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

53. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

54. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

55. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

56.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including overtime wages.

57.     Defendants' violations MWPCL were willful.

58.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**36,850.00**, and grant the following relief:

   a.   Award Plaintiff $33,000.00, consisting of the following overlapping elements:

        i.   unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.  unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii. three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

   b.   Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

   c.   Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,450.00);

   d.   Award Plaintiff court costs (currently, $400.00); and

   e.   Award any additional relief the Court deems just.

Date: March 18, 2020                                    Respectfully submitted,

                                                             /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*