# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MELVIN AYALA MONTOYA, | * |
| Plaintiff, | * |
| v. | * Civil No. **20-732 PJM** |
| THUNDERBIRD AUTOMOTIVE, INC., et al., | * |
| Defendants. | * |

## MEMORANDUM OPINION

On March 18, 2020, Plaintiff Melvin Montoya filed this suit against his former employers, Defendant Thunderbird Automotive, which is owned by Defendants Fred Shiyan and Maria Elizabeth Beiglarbeigi, asserting claims for an alleged failure to pay overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; Maryland Wage and Hour Law (MWHL), Md. Code, Lab. & Empl. § 3-401 *et seq.*; and Maryland Wage Payment and Collection Law (MWPCL), Md. Code, Lab. & Empl., § 3-501 *et seq.*

On August 7, 2020, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 5) for failure to state a claim. On August 18, 2020, Plaintiff filed a consent motion for extension of time to respond (ECF No. 6), which the Court granted. On September 20, Plaintiff again filed a consent motion for extension (ECF No. 8), which the Court again granted. Plaintiff's response was due on October 5, 2020. More than four months later, Plaintiff still has not filed a response, nor any further extension request.

Having considered Plaintiff's failure to file an opposition to Defendants' motion to dismiss, which otherwise appears to be meritorious, the Court **GRANTS** the motion to dismiss.

**I.**

Plaintiff worked as a car mechanic at Thunderbird Automotive from approximately September 2004 to December 31, 2019. He alleges that he was paid a set weekly salary and customarily worked between 42 and 48 hours per week, yet Defendants did not pay him overtime wages for hours worked in excess of 40 hours per week.

In support of dismissAL, Defendants argue that they are not covered by FLSA because they neither had at least $500,000 in annual sales nor had two or more employees, both of which are required under section 3(s)(1)(A) of the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)(i)–(ii). In fact, as demonstrated by their tax return forms for the relevant years, in 2017, 2018, and 2019, Thunderbird had gross annual sales between $341,538 and $374,444. Moreover, Defendants explain that at no time did Thunderbird employ two or more employees, as required under the same section.

Defendants further argue that, because Plaintiff's suit relies on federal question jurisdiction to remain in this Court and he has failed to state a claim under FLSA, this Court lacks jurisdiction over the parallel Maryland state law claims.

**II.**

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). Plaintiff has clearly failed to prosecute his case. Despite two extensions of time to respond, Plaintiff has filed no response to Defendants' motion, which appears to contain meritorious arguments. In fact, Plaintiff has not had any communication with the Court in nearly five months.

Accordingly, the Court **GRANTS** the motion to dismiss **WITH PREJUDICE**. A separate order will issue.

February 16, 2021

/s/ _____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE